# EXHIBIT A

ORIGINAL FILED THIS_____
DAY OF___DEC 0 2 2016____
DONNA McQUALITY
Clerk of Superior Court
By:_____K. Taigen
Deputy

1  Steven C. Dawson – (# 006674)
   Anita Rosenthal – (# 006199)
2  Sander R. Dawson – (#032243)
   DAWSON & ROSENTHAL, P.C.
3  25 Schnebly Hill Rd.,
   Sedona, AZ 86336
4  Telephone (928) 282-3111
   Facsimile (928) 282-3126
5  dandr @ dawsonandrosenthal.com

6
   *Attorneys for Plaintiff*
7

8         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9             IN AND FOR THE COUNTY OF YAVAPAI

10
   TIMOTHY MCKIBBEN, an individual.
11
              Plaintiff,                  CASE NO: V1300CV 201680339
12
       v.
13                                              COMPLAINT
   SEDONA POLICE DEPARTMENT, a
14 political subdivision of the City of Sedona;
   OFFICER WILLIAM KNUTH, an individual;      (Tort – Non-Motor Vehicle)
15 RAYMOND COTA, in his official capacity;
   CITY OF SEDONA, an Arizona municipal        (Jury Trial Requested)
16 corporation; JOHN and JANE DOES I-X,

17              Defendants.

18
        Plaintiff Timothy McKibben alleges as follows:
19
             I.  BACKGROUND ALLEGATIONS COMMON TO ALL COUNTS
20
        1. Plaintiff Timothy McKibben is and at all times relevant hereto was a resident of Sedona,
21
   Arizona and a citizen of the United States of America.
22
        2. At all times relevant hereto, Defendant William Knuth was a citizen of the United States,
23
   a resident of the State of Arizona, and an agent and/or employee of Sedona Police Department
24
   and/or the City of Sedona. All conduct alleged herein against Defendant Knuth was performed
25
   in the course and scope of his agency and/or employment relationship with defendant Sedona
26

1

1   Police Department and/or City of Sedona, rendering these entities legally liable for Knuth's
2   alleged actions under the doctrines of vicarious liability and/or respondeat superior. Defendant
3   Knuth at all relevant times was employed by the Defendant City and/or the Sedona Police
4   Department, and at all relevant times was acting under color of state law and was acting under
5   color of state law in his capacity as a law enforcement officer employed by the Defendant City
6   and/or the Sedona Police Department (SPD). Defendant Knuth is sued in his individual and
7   official capacity.

8      3. Defendant City of Sedona, hereinafter "Defendant City," is an Arizona municipal
9   corporation and is the legal entity responsible for itself and for the Sedona Police Department.
10   Defendant City is also the employer of the individual Defendants and is a proper entity to be sued
11   under 42 U.S.C. § 1983.

12      4. At all times relevant hereto, Defendant Raymond Cota was a citizen of the United States,
13   a resident of the State of Arizona, and an agent and/or employee of Sedona Police Department
14   and/or the City of Sedona. All conduct alleged herein against Defendant Raymond Cota was
15   performed in the course and scope of his agency and/or employment relationship with defendant
16   Sedona Police Department and/or City of Sedona, rendering defendants SPD and/or City of
17   Sedona legally liable for his alleged actions under the doctrines of vicarious liability and/or
18   respondeat superior. Defendant Raymond Cota is sued in his official capacity as the Chief of the
19   Sedona Police Department, employed by the Defendant City and/or the Sedona Police
20   Department, and at all relevant times was acting under color of state law.

21      5. On information and belief, as the Chief of the SPD, Defendant Cota was responsible for
22   the training and supervision of individual Defendant Knuth.

23      6. Defendant City, SPD, and Defendant Cota are properly sued directly under Arizona state
24   law and 42 U.S.C. § 1983 for their own and their deliberately indifferent unconstitutional
25   decisions, policies, practice, habits, customs, usages, training and derelict supervision, training,
26

1   ratification, acquiescence and intentional failures which were contributing forces in the
2   complained of constitutional and statutory violations and resulting injuries.

3       7. The Defendant City and SPD are also properly sued under 42 U.S.C. § 1983 for the final
4   decisions of Defendant Cota in his official capacity as the Chief of the Sedona Police Department,
5   and for those of any final decision makers, with respect to the deliberately indifferent policies,
6   decisions. widespread habits. customs, usages and practices.

7       8. This is an action for money damages, declaratory, and injunctive relief brought pursuant
8   to the laws of the State of Arizona, the laws of the United States, 42 U.S.C. §§ 1983 and 1988,
9   and the First, Fourth, and Fourteenth Amendments to the United States Constitution against
10  Officer William Knuth. former Chief of Sedona Police Raymond Cota. other police officers of
11  the City of Sedona whose names are not yet known, in their individual and official capacities,
12  the Sedona Police Department, and the City of Sedona.

13      9. Plaintiff McKibben alleges that Defendant Knuth made an unreasonable seizure of his
14  person, assaulted, battered, and falsely imprisoned him by stopping him, using unreasonable
15  force to restrain him and take him to the ground, and continuing to apply unreasonable force after
16  he was controlled, and unlawfully arresting him. These constitutional violations were committed
17  as a result of the policies and customs of the Sedona Police Department (SPD) and SPD's
18  negligent training and supervision of its employees and officers involved in the incident
19  described herein, including but not limited to Officer Knuth. SPD, the City of Sedona, and former
20  Chief of Police Raymond Cota are liable for negligent training and supervision, and under the
21  theory of *respondeat superior* for the torts committed by their employees and officers, including
22  but not limited to Defendant Officer Knuth.

23      10. This action arises under the laws of the State of Arizona, the laws of the United States
24  and the United States Constitution, including Article III, Section 1 of the United States
25  Constitution, and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988.

26

3

11. Venue is proper in Yavapai County because Plaintiff and all Defendants reside and/or maintain their office(s) there, and because all relevant events and omissions occurred there.

12. Plaintiff has complied with the Notice of Claim requirements of A.R.S. §12-821.01, *et seq.* A copy of the Notice of Claim submitted by counsel for Plaintiff is attached hereto as Exhibit 1, the contents of which are herein incorporated by reference.

## 2.  UNDERLYING FACTS

13. Plaintiff incorporates by reference all allegations in the preceding paragraphs above as if they were fully set forth herein.

14. Plaintiff has been a resident of Sedona, AZ for over 25 years and has a reputation in the community for environmental stewardship. For many years, Plaintiff has volunteered his time to maintain the plant life throughout his neighborhood at his own expense and without receiving or seeking compensation.

15. Tiffany Construction Co., a construction company hired by the City of Sedona, began a project in McKibben's neighborhood in December 2015. The project involved the removal of trees and vegetation in McKibben's neighborhood, much of which McKibben had maintained for years. At all relevant times hereto, Tiffany Construction Co., including its employees, agents, and crewmembers, acted as agents of the City.

16. Mr. McKibben opposed the project, and he made his opinions known by peaceful and lawful protest, including by placing teddy bears throughout the construction site as a symbolic gesture to voice his dissent.

17. Over several days, the construction crew grew familiar with Plaintiff and described him as peaceful and friendly. At no point did McKibben threaten or harm the construction crew.

18. At the City's direction, Plaintiff was asked to remove the teddy bears from the construction site. McKibben removed the teddy bears as requested.

19. On December 18, 2015, the foreperson of the construction crew, Max Barnes, called the SPD and reported Plaintiff was "harassing" the construction crew.

4

20. While on the phone with SPD dispatch, Mr. Barnes reported that one of his workers "reacted" to being "poked" by Plaintiff by pushing the then 64-year-old Plaintiff to the ground. Barnes reported to SPD dispatch that Plaintiff struggled to stand up, and that Plaintiff then stood and began "just chatting" with the construction workers before walking away from the construction site.

21. SPD Officer William Knuth, #767, was first to respond. Defendant Knuth spotted Plaintiff walking up Coffee Pot Drive, away from the construction site and towards Plaintiff's home. SPD knew Plaintiff lived in the neighborhood, as Mr. Barnes had informed SPD of this. When Officer Knuth arrived, Plaintiff was near his home and roughly 100 yards away from the construction crew, according to witnesses. Knuth sped past the construction crew and directly towards Plaintiff in a reckless and threatening manner designed to cause, and which did in fact cause, Plaintiff to fear for his physical safety.

22. Plaintiff was not armed, no one had reported he was armed, and Officer Knuth later reported that he did not suspect Plaintiff was armed. Officer Knuth was aware that McKibben was not an immediate threat to Knuth or the construction crew, given Plaintiff's distance from the construction site (100 yards), his size (5'9" and 132 lbs.), and age (64 years old).

23. There was no basis for Knuth to believe Plaintiff intended to attack the construction crew, Knuth, or anyone else, and there was no basis to believe Plaintiff intended to run away from Knuth for any purpose. Without issuing any order or warning, Defendant Knuth placed Plaintiff into a "wristlock" or "arm-bar." McKibben did not resist or attempt to escape the hold, which Officer Knuth applied with unreasonable force.

24. While maintaining the wristlock or arm-bar, Officer Knuth pulled Plaintiff's other arm behind him and restrained it. With both of McKibben's arms restrained, Officer Knuth violently slammed Plaintiff against the ground, face first, and began aggressively and violently pressing and grinding Plaintiff's face into the asphalt.

25. A leg sweep is not a maneuver that SPD officers are authorized or trained to use.

5

26. Officer Knuth performed an unauthorized "leg sweep" while restraining both of Plaintiff's arms behind his back, thus intending to violently throw Plaintiff into the ground face-first. Officer Knuth intended to injure Plaintiff's face by slamming it against the ground while preventing Plaintiff from protecting his face with his arms, which Officer Knuth had restrained. The force with which McKibben's face hit the ground was a result of Officer Knuth's intent to injure Plaintiff.

27. McKibben sustained severe injuries to his face from the excessive and unreasonable force with which Knuth threw Plaintiff to the ground, and due to Plaintiff's inability to protect his face because Officer Knuth had both of McKibben's arms restrained.

28. While on top of Plaintiff, Defendant Knuth kept one of Plaintiff's arms pinned behind his back while simultaneously pushing and grinding Plaintiff's face into the ground with the intent to injure Plaintiff, causing Plaintiff to sustain further injuries to his face. Plaintiff did not resist.

29. Defendant Knuth broke McKibben's dominant (right) hand by either crushing it with his boot with the intent to injure and restrain Plaintiff, or by using unreasonable and excessive force in initially restraining Plaintiff's wrist/arm.

30. While on top of Plaintiff, Officer Knuth placed Plaintiff in handcuffs.

31. Plaintiff sustained injuries to his face, ribs, hip, shoulder, and other parts of his body from the attack by Defendant Knuth. Officer Knuth also broke Plaintiff's hand in several places.

32. At all times, Plaintiff's conduct and demeanor towards all Defendants, including Defendant Knuth, was peaceful and non-threatening. At 64-years old, 5'9", 132 lb., and unarmed, Plaintiff posed no threat to anyone's safety. There was no indication from witnesses, facts, or circumstances that McKibben was armed, and Officer Knuth admitted he never suspected that McKibben was armed. Defendant Knuth did not perceive Plaintiff to be a threat, and later told a witness that he assaulted Plaintiff because he thought Plaintiff was "going to resist."

6

1    33. At no time did Plaintiff or his conduct threaten the safety of the construction crew or any
2    of its members. When Officer Knuth made contact with Plaintiff, roughly 100 yards stood
3    between them and the construction crew, and McKibben was walking home.

4    34. A second SPD officer eventually arrived on the scene, removed Officer Knuth from
5    Plaintiff, removed the handcuffs from Plaintiff, and requested medical responders from the
6    Sedona Fire Department to treat Plaintiff's injuries. A third SPD officer arrived shortly thereafter.

7    35. Of the three SPD officers who arrived on the scene, none of them recorded the incident
8    with their vehicle or mobile recording devices. Only one of the officers reported that he attempted
9    to record the incident, but stated that the device failed to record. The officers acknowledged that
10   they should have recorded the incident.

11   36. Plaintiff did not commit any crime and, indeed, was not cited or charged with any crime.

12   37. Defendant Knuth's above-described acts were done intentionally, knowingly, willfully,
13   wantonly, maliciously and with conscious disregard for Plaintiff's health, safety, well-being, and
14   federally protected rights.

15   38. Defendant Knuth's above-described acts were the result of official custom, practice,
16   policy, culture, training, supervision, or lack thereof by Defendants City, SPD, and Cota.

17   39. Defendant Cota released a statement on March 24, 2016 ratifying Officer Knuth's
18   conduct, concluding the force used on Plaintiff was appropriate. Upon information and belief, no
19   disciplinary action was taken to teach, train, or deter Officer Knuth or other SPD officers on
20   appropriate use of force.

21   40. Upon information and belief, Defendants City, SPD, and Cota have encouraged,
22   tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

23      a. failing to conduct sufficient training or supervision with respect to the
24   constitutional limitations on the use of force;

25      b. failing to adequately punish unconstitutional uses of force;

26      c. tolerating the use of unconstitutional force;

7

1           d.  failing to conduct adequate training or supervision with respect to use of mobile
2  and vehicle recording devices designed to reduce unreasonable uses of force; and

3           e.  tolerating and failing to punish officer failure to record use of force incidents.

4     41. Upon information and belief, it is the longstanding, widespread, and consciously
5  indifferent custom, habit, practice and/or policy of the Defendant City, SPD, and Defendant Cota
6  to permit police officers to use excessive force against individuals when such use is unnecessary
7  and unjustified, as well as to fail to supervise and train officers in the appropriate constitutional
8  limits on the use of force, knowing these officers therefore pose a significant risk of injury to the
9  public.

10     42. Upon information and belief, it is the longstanding. widespread. and consciously
11  indifferent custom, habit, practice and/or policy of the Defendant City, SPD, and/or Defendant
12  Cota to permit police officers to retaliate against individuals for exercising First Amendment
13  rights, as well as to fail to supervise and to train deputies in the constitutional rights of
14  individuals.

15     43. As a direct and proximate result of the wrongful conduct of each of the Defendants,
16  Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of
17  constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and
18  emotional distress and trauma, aggravation of pre-existing conditions, and ongoing special
19  damages for medically and psychologically related treatment for injuries arising from
20  Defendants' conduct. Plaintiff continues to suffer physical pain in his dominant hand, as well as
21  ongoing emotional distress, with significant symptoms including sadness, anxiety, stress, anger,
22  depression, frustration, nervousness, fear, and sleeplessness arising from these events. The
23  encounter also aggravated pre-existing emotional trauma that has caused Plaintiff to suffer
24  depression, anguish, anger, anxiety, sleeplessness, and mood swings.

25

26

### 3.  CLAIMS FOR RELIEF

I.  **FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983 – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

(Against Defendant Knuth)

44. Plaintiff hereby incorporates the above paragraphs as if fully set forth herein.

45. Plaintiff claims damages pursuant to 42 U.S.C. § 1983 for the injuries set forth above for violation of his constitutional rights under color of law.

46. All of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

47. Defendant Knuth, at all relevant times hereto, was acting under color of state law in his capacity as a Sedona Police Officer and his acts and omissions were conducted in the scope of his official duties of employment with SPD and the City of Sedona.

48. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendments of the United States Constitution to be secure in his person from unreasonable seizures and from unreasonable force by law enforcement.

49. A reasonable police officer would have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

50. Defendant Knuth's actions and use of force were objectively unreasonable and excessive in light of the facts and circumstances confronting him, and thus violated Plaintiff's clearly established right to be free from unreasonable seizures and unreasonable uses of force.

51. Defendant Knuth's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendant Knuth shocks the conscience and violated Plaintiff's constitutional rights.

52. Defendant Knuth unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious-shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

9

53. Defendant Knuth did so with shocking and willful indifference to Plaintiff's rights and conscious awareness that he would cause Plaintiff severe physical and emotional injuries.

54. The acts or omissions of Defendant Knuth, as described herein, intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

55. This individual Defendant is not entitled to qualified immunity for the complained of conduct.

56. Defendant Knuth executed the above described aggressive and violent acts with intent to injure Plaintiff and/or intentionally with conscious disregard of the substantial and likely risk of injuring Plaintiff.

57. As a proximate result of Defendant Knuth's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendant Knuth's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses, and may continue to incur further such damages for medical and psychological treatment.

58. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

59. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Knuth under 42 U.S.C. § 1983, in that the actions of this individual Defendant were taken maliciously, willfully and/or with a conscious or wanton disregard of Plaintiff's constitutional rights.

## II.   SECOND CLAIM FOR RELIEF: 42 U.S.C. § 1983 – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

### (Against all Defendants)

60. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

61. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against all Defendants for violation of his constitutional rights under color of law.

62. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Sedona police officers and their acts or omissions were conducted within the scope of their official duties or employment.

63. At the time of the complained of events. Plaintiff had a clearly established constitutional right to be free from retaliation for the exercise of protected speech.

64. Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

65. Plaintiff's words and actions in and around the construction cite leading up to the conduct complained of herein were a peaceful protest against the environmental degradation of his city and his neighborhood, and constitute political speech protected by the First Amendment of the U.S. Constitution and Article 6, Section 2 of the Arizona Constitution.

66. Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to protest was a substantially motivating factor in the excessive force used against Plaintiff.

67. The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

68. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and conscious disregard of Plaintiff's federally protected constitutional rights.

69. The acts or omissions of all individual Defendants were contributing forces behind Plaintiff's injuries.

70. These individual Defendants acted in concert and joint action with each other.

71. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

72. Defendants are not entitled to qualified immunity for the complained of conduct.

11

73. Upon information and belief, the Defendants to this claim at all times relevant hereto were acting pursuant to SPD custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

74. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

75. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

III.   **THIRD CLAIM FOR RELIEF: 42 U.S.C. § 1983 – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH, AND FIRST AMENDMENTS**

(Against Defendants City of Sedona, SPD, and Cota)

76. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

77. Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against the City of Sedona, SPD, and Defendant Cota for violation of his constitutional rights under color of law.

78. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Sedona police officers and their acts or omissions were conducted within the scope of their official duties or employment.

79. Plaintiff had the following clearly established rights at the time of the complained of conduct:

12

1    a. the right to be secure in his person from unreasonable seizure through excessive force,

2    under the Fourth Amendment;

3    b. the right to bodily integrity and to be free from excessive force by law enforcement

4    under the Fourteenth Amendment; and

5    c. the right to exercise his constitutional rights of free speech under the First Amendment

6    without retaliation.

7    80. Any reasonable police officer knew or should have known of this right at the time of the

8    complained of conduct as it was clearly established at that time.

9    81. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff

10   of his constitutional and statutory rights and caused him other damages.

11   82. Defendants are not entitled to qualified immunity for the complained of conduct.

12   83. Defendant Cota, Defendant City, and SPD were, at all times relevant, policymakers for

13   the City of Sedona and the Sedona Police Department, and in that capacity established policies,

14   procedures, customs, and/or practices for the same.

15   84. These Defendants developed, maintained, and/or retained policies, procedures, customs,

16   and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which

17   were contributing forces behind and proximately caused the violations of Plaintiff's

18   constitutional and federal rights as set forth in this Complaint, and resulted from a conscious or

19   deliberate choice to follow a course of action from among various available alternatives.

20   85. Upon information and belief, the Defendants named in this cause of action have created

21   and tolerated an atmosphere that tolerates and/or promotes unreasonable uses of force, and have

22   developed and maintained long-standing, department-wide customs, law enforcement related

23   policies, procedures, customs, practices, and/or failed to properly train and/or supervise its

24   officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff

25   and of the public.

26

13

86. In light of the duties and responsibilities of those police officers that participate in arrests, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

87. The deliberately indifferent training and supervision provided by the Defendants named in this cause of action resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to these Defendants and were contributing forces in the constitutional and federal violation injuries complained of by Plaintiff.

88. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses.

## IV.    FOURTH CLAIM FOR RELIEF: ASSAULT AND BATTERY
### (Against Defendant Knuth)

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

90. Defendant Knuth committed the common law tort of assault and battery under Arizona law when he knowingly used unreasonable and excessive force against Plaintiff.

91. Defendant Knuth acted with intent to cause a harmful or offensive contact with Plaintiff's person and/or imminent apprehension thereof when he (a) sped towards Plaintiff with his vehicle, (b) grabbed Plaintiff and placed him in a wristlock, (c) threw Plaintiff to the ground, and (d) broke Plaintiff's hand either by using an excessively violent wristlock or by crushing Plaintiff's hand with Officer Knuth's boot while Plaintiff was restrained on the ground.

92. Defendant Knuth performed a leg sweep while restraining both of Plaintiff's arms to prevent Plaintiff from catching his fall and to injure Plaintiff's face.

1    93. Defendant Knuth's intentional and malicious acts resulted in serious injury to Plaintiff's
2    face, body, and hand.

3    94. Each act of violence independently supports a separate claim for assault and battery.

4    95. Defendant Knuth, at all times relevant hereto, was acting under the color of state law in
5    his capacity as a Sedona police officer and his acts or omissions were conducted within the scope
6    of his official duties of employment.

7    96. Defendant Knuth engaged in the above-described conduct willfully, maliciously, in bad
8    faith, with intent to injure, and in reckless and conscious disregard of Plaintiff's safety, well-
9    being, and federally protected constitutional rights.

10   97. The acts or omissions of Defendant Knuth as described herein intentionally deprived
11   Plaintiff of his constitutional and statutory rights and caused him other damages.

12   98. Defendant is not entitled to qualified immunity for the complained of conduct.

13   99. Defendant Knuth at all times relevant hereto was acting pursuant to SPD custom, policy,
14   decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to
15   Plaintiff.

16   100. As a direct and proximate result of Defendant Knuth's conduct, Plaintiff suffered actual
17   physical and emotional injuries and other damages and losses as described herein, entitling him
18   to compensatory, special, and punitive damages in amounts to be determined at trial. As a further
19   result of the Defendant's unlawful conduct, Plaintiff has incurred special damages, including
20   medically related expenses and may continue to incur such damages in amounts to be established
21   at trial.

22   101. Defendant Knuth knew his misconduct could harm the health and wellbeing of Plaintiff.
23   Defendant Knuth's conduct was committed intentionally, and with an evil mind, which
24   constitutes aggravated, malicious, and outrageous conduct done in conscious disregard of
25   Plaintiff's rights, health, safety, and wellbeing.

26

102. Further aggravating Defendant Knuth's tortious conduct, Defendant Knuth was aware that given Plaintiff's age and size, and the significant disparity in size, strength, and training between himself and Plaintiff, Defendant Knuth's conduct was likely to seriously injure Plaintiff.

103. All Defendants and individual SPD officers involved in the above-described incident knew or had reason to know that SPD and reasonable police policies and procedures required them to record the incident described herein. and nonetheless. they failed to do so.

## V.   FIFTH CLAIM FOR RELIEF: NEGLIGENCE
### (Against Defendant Knuth)

104. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

105. Defendant Knuth owed Plaintiff a duty to use reasonable care relative to the conduct and events alleged herein, including but not limited to exercising reasonable care in restraining Plaintiff and using force.

106. Defendant Knuth breached his duty of care by negligently using unreasonable and excessive force in restraining Plaintiff as described above, thereby physically injuring Plaintiff.

107. Officer Knuth knew or should have known that performing a leg sweep on McKibben while restraining both of McKibben's arms would result in injury to McKibben's face from hitting the ground.

108. Defendant Knuth's conduct constitutes negligence under Arizona law.

109. Defendant Knuth's negligence caused injury to Plaintiff and damages as set forth in this Complaint.

## VI.   SIXTH CLAIM FOR RELIEF: NEGLIGENT TRAINING & SUPERVISION

### (Against Defendants City of Sedona, Sedona Police Department, and Chief Cota)

110. Plaintiff incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

111. Defendants owed Plaintiff a duty to use reasonable care relative to the conduct and events alleged herein, including but not limited to a duty to exercise reasonable care in the hiring, training, and supervision of Sedona police officers, including Defendant Knuth.

112. Defendants breached their respective duties of care by negligently training and supervising police officers within the Sedona Police Department, including but not limited to Defendant Knuth.

113. Said failures independently contributed to and caused Plaintiff's injuries as described above by depriving Defendant Knuth of the necessary training and supervision needed to lawfully and effectively carry out his duties as a police officer.

114. But for the failure of Defendants City, SPD, and Cota to adequately train and supervise Defendant Knuth, Knuth would not have resorted to the dangerous and aggressive tactics he used on Plaintiff. Because Defendants City, SPD, and Cota failed to exercise reasonable care in training and supervising Defendant Knuth, Knuth was not equipped to: (a) utilize non-violent means to control the situation before resorting to force, as he immediately did with Plaintiff; (b) accurately assess the situation to determine whether and to what extend force was necessary; (c) utilize the appropriate levels of force within the use of force continuum, rather than immediately resorting to dangerous and violent force; and (d) utilize authorized and effective control maneuvers without injuring Plaintiff, rather than resorting to the dangerous, violent, and unauthorized maneuvers described above that caused Plaintiff's various injuries.

115. Defendants' negligent training and supervision, and Defendants' policy of condoning and ratifying excessive and unreasonable uses of force like those described herein, created a culture within SPD that tolerates such unreasonable uses of force and thus increased the risk that Defendant Knuth would use excessive and unreasonable force on Plaintiff, and indeed caused such excessive force to be used.

116. Defendants' negligent training and supervision of Defendant Knuth caused Plaintiff's damages as described in this Complaint.

## 4.   PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including past and future damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees. on all claims allowed by law;

F. Pre and post-judgment interest at the lawful rate; and,

G. Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

**Plaintiff requests a trial by jury.**

DATED this ⟨8th⟩ day of December, 2016.

                                        DAWSON & ROSENTHAL, P.C.


                                        Steven C. Dawson
                                        Anita Rosenthal
                                        Sander R. Dawson
                                        25 Schnebly Hill Rd.
                                        Sedona, AZ  86336


                                        *Attorneys for Plaintiffs*

# EXHIBIT 1

# DAWSON
# ROSENTHAL

T R I A L   A T T O R N E Y S

June 2, 2016

Sander R. Dawson
(928) 282-3111
sander@dawsonandrosenthal.com

SEDONA POLICE DEPARTMENT
100 Roadrunner Drive
Sedona, AZ 86336

SEDONA CITY CLERK
102 Roadrunner Drive
Sedona, AZ 86336

CHIEF RAYMOND COTA
100 Roadrunner Drive
Sedona, AZ 86336

OFFICER WILLIAM KNUTH
100 Roadrunner Drive
Sedona, AZ 86336

RE: *Notice of Claim – Timothy McKibben*

To Whom It May Concern:

This letter is a Notice of Claim pursuant to Arizona Revised Statute § 12-821.01 against the City of Sedona, the Sedona Police Department ("SPD"), Police Chief Raymond Cota, Officer William Knuth, and SPD employees still unknown (the "Responsible Parties"). This Notice of Claim is served on behalf of Timothy Edward McKibben ("Claimant"), whom this office represents. The conduct of other SPD employees, officers, agents, or others acting with the authority and/or at the direction of the SPD may also have contributed to the injuries suffered by Claimant as discussed herein, and when their identities become known, this claim may be supplemented to include them.

The terms and content of this Notice of Claim constitute an offer to settle. Claimant submits this Notice of Claim without the benefit of formal discovery, and therefore





RE: *Notice of Claim – McKibben*
June 2, 2016
P a g e | **2**

reserves the right to amend or supplement this Notice of Claim. If for any reason you believe this Notice of Claim does not comply with A.R.S. § 12-821.01, if additional information is needed, or if you are not authorized to accept service for one of the above named individuals and entities, please contact this office.

Claimant seeks damages reasonably calculated to compensate for the injuries he suffered from SPD Officer Knuth's excessive use of force on or about December 18, 2015.

## I. FACTUAL BASIS FOR CLAIM

Tim McKibben is a military veteran who has been a Sedona resident for over 25 years. Throughout the community, parents and former students know McKibben through his volunteer work at a local kindergarten over the past 25 years. An avid environmentalist and former farmer, McKibben's neighbors know him as their neighborhood gardener. For years, McKibben has maintained the plant life throughout the neighborhood at his own expense without receiving compensation.

Tiffany Construction Co., a construction company hired by the City of Sedona, began a project in McKibben's neighborhood in December 2015. The project involved the removal of trees and vegetation. Mr. McKibben opposed the project, and he made his opinions known. He lawfully protested the construction project by placing teddy bears throughout the construction site as a symbolic gesture and voicing his dissent. Over several days, the construction crew grew familiar with McKibben and described him as peaceful and friendly. At no point did McKibben threaten or harm the construction crew.

Having apparently lost patience with McKibben's protests over the previous several days, the construction company called Sedona police on December 18, 2015 to report that a local resident was "harassing" them. While on the phone with Dispatch, the crew foreperson, Max Barnes, reportedly saw the resident "poke" one of the construction





workers in the chest.[1] Barnes told Dispatch that his worker "reacted" by pushing McKibben to the ground. Barnes then reportedly watched McKibben return to his feet and saw McKibben and the construction workers "just chatting" before McKibben began walking away from the construction site up Coffee Pot Drive. Dispatch relayed the information to SPD officers.

SPD Officer William Knuth, #767, was first to respond. Officer Knuth spotted McKibben walking up Coffee Pot Drive. McKibben was near his home and roughly 100 yards away from the construction crew when Knuth arrived. Officer Knuth drove past the construction crew and directly towards Mr. McKibben "like a bat out of hell."[2]

Shortly after exiting the vehicle, Officer Knuth placed McKibben into a wristlock or "arm bar." While maintaining the wristlock, Officer Knuth pulled McKibben's left arm back and threw McKibben down while performing a "leg sweep." This maneuver sent McKibben into the ground face-first. Officer Knuth then pressed McKibben's face against the ground while on top of him. McKibben sustained injuries to his face:



---

[1] Other construction crewmembers who were present later stated McKibben did not actually touch the worker.

[2] [Reay Interview Summary at 3.]





While on top of McKibben, Officer Knuth crushed McKibben's free hand under his boot, breaking the hand.[3] McKibben also suffered bruised ribs, a contused hip, and abrasions to his shoulder and other parts of his body.

A second SPD officer arrived, followed by a third, and removed Officer Knuth from McKibben. A few seconds after his arrival, the second officer requested medical responders for a "facial" injury.

Mr. McKibben's daughter arrived at the scene within minutes of the assault on Mr. McKibben. In response to the daughter asking what happened, Officer Knuth explained that he "thought [McKibben] was going to resist." Witnesses from the construction crew told McKibben's daughter that Officer Knuth "went after" McKibben and took him down "hard" in what they felt was a total absence of protocol.[4]

Police did not charge McKibben with a crime or cite him for any violation. SPD paid McKibben's hospital bills the following day, which included X-rays of McKibben's ribs, pelvis, and hand, and CAT scans of his head and face.[5]

## II. LEGAL BASIS FOR CLAIMS

### a. Battery

Under Arizona law, Officer Knuth's unjustified use of force against Mr. McKibben is a battery. Battery is the intentional harmful or offensive touching of another. *Johnson v. Pankratz*, 2 P.3d 1266 (Ariz. Ct. App. 2000). Claimant is not required to prove damages

---

[3] Pictures of McKibben's broken hand taken at the scene disprove any suggestion that Officer Knuth did not cause the injury.

[4] Notably, each witness later claimed he saw little or none of these events, and none of the three SPD officers recorded any part of the incident on a mobile or vehicle recording device, though all three agreed they should have.

[5] An initial review of the CAT scans of McKibben's head and face did not reveal any fracture. The x-rays and CAT scans are being sent to an expert for review.





to succeed on his claim for battery. *Id.* He can recover for "the affront to the plaintiff's dignity as a human being, the damage to his self-image, and the resulting mental distress." *Id.* Claimant can recover general or presumed damages if he establishes "that the tort was committed at all." *Id.* Officer Knuth's assault on McKibben was an intentional act that resulted in harmful contact. He is thus liable for McKibben's injuries.

### b. Improper/Excessive Force

Officer Knuth, while acting in his official and individual capacity and under color of law, violated Mr. McKibben's Fourth Amendment right to be free from excessive force and unreasonable seizures. "Force is excessive when it is greater than reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002); *Graham v. Connor*, 490 U.S. 386, 388 (1989).

Officer Knuth's use of force was unnecessary and unreasonable. Officer Knuth was responding to a reported incident of an older resident allegedly cursing at a construction crew before "poking" a crewmember, getting knocked down, and walking home. There was no allegation that the resident was armed, dangerous, or violent. Moreover, the alleged incident was over by the time Officer Knuth arrived "like a bat out of hell." The facts preceding Knuth's interaction with McKibben did not warrant the use of force.

But Officer Knuth immediately resorted to using pain techniques on Mr. McKibben without attempting or exhausting other reasonable alternatives. [*See* Use of Force, Sec. III-4(C)(1)(c).] McKibben was not detained or resisting, and was "not under arrest at any time."[6] Nor did McKibben pose an immediate threat of harm to Officer Knuth or others. At the time of the incident, Mr. McKibben was 64 years-old and weighed 132 lbs. He has no history of violence, was unarmed, and "there were no indications McKibben was

---

[6] [Knuth Interview Summary at 6.]



25 Schnebly Hill Road Sedona AZ 86336  301 Le Breton Lane Suite 200 San Diego CA 92130
928 282 3111   925 292 3125   www.dkaw.com for-contra.com



armed."[7] The length of a football field stood between McKibben and the construction crew. "[O]ther reasonable alternatives [had] not been exhausted [and] would [not have been] clearly ineffective under the particular circumstances." [Use of Force, Sec. III-4(C)(1)(c).] Under any view of the facts, the use of force was unreasonable.

Once Officer Knuth had McKibben in a wristlock or arm bar, McKibben was fully subdued. The disparity in size, strength, age, and training alone establishes that Officer Knuth easily overpowered Mr. McKibben. Officer Knuth's claim that McKibben somehow managed to continue moving towards the construction crew while in a wristlock and then "spun" out of the wristlock is difficult to fathom. McKibben did not resist and he posed no threat. Throwing McKibben to the ground was unnecessary and unreasonable. *Morrison v. Bd. Of Trustees Of Green Twp.*, 583 F.3d 394, 404 (6th Cir. 2009) (explaining "the use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law"). The manner in which Officer Knuth threw McKibben down, moreover, was gratuitously violent.

Officer Knuth used an unauthorized leg sweep while pulling in on the wristlock and throwing McKibben down.[8] The force with which Officer Knuth executed this maneuver is apparent from the resulting injury to McKibben's face. This unauthorized move was "unreasonable and constituted a use of excessive force." *Hysell v. Thorp*, No. 2:06-CV-170, 2009 WL 262426, at *17 (S.D. Ohio Feb. 2, 2009) (holding officer's use of an "arm bar" while conducting a "leg sweep which caused Plaintiff to fall face-first to the ground" was "objectively unreasonable"); *see, e.g., Esteem v. City of Pasadena*, No. CV04-662-GHK (MANX), 2007 WL 4270360, at *11 (C.D. Cal. Sept. 11, 2007) (holding a "jury could find that the officers used excessive force in sweeping his legs out from under him,

---

[7] [*Id.* at 7.]

[8] It is undisputed that this maneuver was not "taught by the academy [or] the department defensive tactics instructors." [Use of Force, Sec. III-4(C)(1)(b).]





allowing him to fall face-first without support"); *Morgan v. Cty. of Hawaii*, No. CV 14-00551 SOM-BMK, 2016 WL 1254222, at *10 (D. Haw. Mar. 29, 2016); *Courtney v. Chaudoin*, No. 3:09CV-P36-H, 2010 WL 3120200, at *5 (W.D. Ky. Aug. 9, 2010) (holding officer's "actions related to the leg sweep and spit shield, as described by [plaintiff], constitute[d] a Fourth Amendment violation"); *Gregory v. Oliver*, 226 F. Supp. 2d 943 (N.D. Ill. 2002) (use of a leg sweep on a handcuffed arrestee who claimed he didn't resist was excessive).

Once McKibben was on the ground, the gratuitous force continued. Face down on the ground with Officer Knuth on top of him, McKibben remained incapacitated and did not resist. Pressing McKibben's face into the ground was unnecessary and unreasonable, as was stomping on McKibben's other hand with enough force to break it. McKibben indisputably did not pose any threat at this point. *Esteem*, 2007 WL 4270360, at *12 ("Absent any threat on the part of [the suspect], the act of grabbing his hair and forcing his face into the driveway is an unjustified and gratuitous application of force that no reasonable officer could have mistakenly considered to be reasonable police conduct.").

### c. Negligence & Gross Negligence

If Officer Knuth's conduct was not intentional, then Officer Knuth failed to exercise reasonable care in detaining Mr. McKibben and acted with reckless indifference to McKibben's safety. Officer Knuth knew or should have known that sweeping McKibben's legs and forcefully throwing him down while maintaining a wristlock or arm bar would create an unreasonable risk of harm. The high probability that this maneuver would result in injury was significantly increased by McKibben's age and size. McKibben's broken hand, likewise, resulted from Officer Knuth's negligence, gross negligence, and reckless indifference to McKibben's safety.

Officer Knuth was acting within the scope of his employment with SPD when he



25 Schnebly Hill Road Sedona, AZ 86336   501 W Broadway, Suite 800, San Diego, CA 92101.
928 282 3111   928 282 3123   www.favorinslawresearch.com



injured Mr. McKibben. Based on principles of vicarious liability, *respondeat superior*, and municipal liability, the entities and individuals listed in this Notice of Claim are liable for the conduct of their employees and agents. Thus, the Responsible Parties are liable for the actions of Officer Knuth and other officers and agents acting within the authority and/or at the direction of SPD. Additional liability is created by the Responsible Parties' failure to adequately train and supervise their officers and agents.

### d. Negligent training/supervision

From his initial improper use of force to the type and degree of force used, Officer Knuth's conduct was a training failure. Sedona PD's determination that Officer Knuth acted appropriately confirms this conduct was the result of SPD policies, training, and supervision. This negligent training and supervision caused and contributed to Mr. McKibben's injuries.

### III. AMOUNT OF CLAIM

The Responsible Parties conducted themselves in a manner in both their official and individual capacities that violated Mr. McKibben's clearly established rights. He is entitled to monetary damages for the claims listed above, in addition to claims for negligent and intentional infliction of emotional distress.

In addition to McKibben's physical injuries, the unprovoked assault significantly impacted his mental and emotional state, causing him serious emotional and mental pain and suffering from which he will continue to suffer. Additionally, because Officer Knuth assaulted McKibben in his own neighborhood, and given the local publicity this incident received, McKibben suffered embarassment and harm to his self-image and reputation. He is entitled to recover for these injuries and his physical pain and suffering. Mr. McKibben would also be entitled to recover punitive damages for Officer Knuth's intentional acts, which were done maliciously and/or in callous or conscious disregard





RE: *Notice of Claim – McKibben*
June 2, 2016
P a g e | **9**

for McKibben's safety and his clearly established rights.

Mr. McKibben is willing to settle all state and federal claims against all conceivable parties for $175,000.

Pursuant to A.R.S. § 12-821.01, this offer will be automatically deemed rejected 60 days after service.

Sincerely,

DAWSON & ROSENTHAL

Steven C. Dawson
Anita Rosenthal
Sander R. Dawson
*Attorneys for Claimant Tim McKibben*

cc: Robert L. Pickels, Jr.
    City Attorney
    RPickels@SedonaAZ.gov

    JoAnne Cook
    Deputy City Clerk
    JCook@SedonaAZ.gov

    Interim Chief Ron Wheeler
    100 Roadrunner Drive
    Sedona, AZ 86336



25 Schnebly Hill Road Sedona AZ 86336   501 W Broadway, Suite 800 San Diego, CA 92101
928 282 3111   928 282 3128   www.fbss.name.com