**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Timothy McKibben, | ) | |
| | ) | |
| Plaintiff | ) | 3:17-cv-8009 JWS:JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| William Knuth, *et al.*, | ) | **[Re: Motions at dockets 101 and 103]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 101 Defendants ask the court to exclude evidence that Defendants' paid Plaintiff's medical bills and to prevent Plaintiff from asking for damages to compensate him for medical expenses actually paid by Defendants.  Plaintiff responds at docket 118.  No reply was filed.

At docket 103 Defendants ask the court to exclude evidence of prior complaints of excessive force against Officer Knuth.  Plaintiff responds at docket 117.  No reply was filed.

## II.  DISCUSSION

### A.  Motion at docket 101

Arizona law states that evidence of an advance payment of a plaintiff's medical expenses by a defendant may not be introduced in evidence.  A.R.S. § 12-2302(A).

Plaintiff responds that he will not seek to introduce such evidence.  However, he also argues that if Defendants contend that his injuries were caused by the construction worker rather than Office Knuth, he would be prejudiced by exclusion of the evidence of advance payment of medical bills.  He also argues that the evidence would be admissible for impeachment purposes.  These arguments are unavailing.  The statute is clear and clearly applicable.

Plaintiff does not respond to the request to prevent Plaintiff from recovering as damages medical expenses paid by Defendants.  That is not surprising, for the law does not countenance the recovery of damages for expenses not paid by a plaintiff.

## B.  Motion at docket 103

It appears that Officer Knuth was the subject of two prior complaints that he used excessive force.  Defendants contend that each was investigated and that Knuth was exonerated in both instances.  Plaintiff does not dispute this contention.  In any event, Defendants also contend that evidence of prior complaints should be excluded as irrelevant.  Seemingly conceding that point, Plaintiff assures the court that he will not seek to introduce such evidence to show Knuth had a tendency to use excessive force.  Plaintiff does argue that if Knuth testifies that there were no prior complaints against him, the existence of the prior complaints would be admissible to attack his credibility.  Of course, Plaintiff will not be permitted to question Knuth about prior complaints in order to set up a chance to impeach him on that topic.  In the highly unlikely event that Defendants elicit such testimony from Officer Knuth, then evidence that there were prior complaints would be admitted for impeachment purposes only.

### III.  CONCLUSION

For the reasons above, the motions at dockets 101 and 103 are GRANTED.

DATED this 21st day of June 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT