**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Timothy McKibben, | ) | |
| | ) | |
| Plaintiff, | ) | 3:17-cv-8009 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| William Knuth, *et al.*, | ) | **[Re: Motion at docket 102]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 102 defendants asked the court to exclude evidence regarding Arizona Department of Public Safety ("DPS") interviews. Plaintiff responded at docket 119. No reply was filed.

## II. DISCUSSION

The central issue in this litigation is the amount of force defendant Knuth used against plaintiff McKibben. Knuth's employer, the Sedona Police Department, decided not to perform its own investigation of the incident involving Messrs. Knuth and McKibben. Instead, the Sedona Police Department opted to have the matter investigated by DPS.

DPS' investigators conducted witness interviews and recorded statements of the interviews. The investigators, Marc Snyder, Anthony Falcone, and Neal Peden, prepared summaries of the interviews which are the subject of defendants' motion.

Defendants argue that the summaries would be offered for the truth of their contents and therefore should be excluded as hearsay pursuant to Fed. R. Evid. 802. McKibben argues that the summaries would not be offered for the truth:

> But the Summaries are not offered for their truth. Whether or not an interviewee actually did or said what is reflected in one of the Summaries, Defendants relied on those Summaries in making certain decisions. The Defendants did no independent investigation into the matter. DPS's impressions and findings are therefore relevant to show Defendants' policy of inaction towards improper uses of force. Accordingly, the DPS Summaries do not constitute hearsay and are admissible."[1]

If DPS' impressions and findings were that Knuth's conduct was improper, then Defendants' reliance on them might show a policy of inaction. However, because the summaries are not offered for their truth, reliance on them cannot demonstrate a policy of inaction. In short, the summaries must be considered hearsay.

Perhaps recognizing the summaries are hearsay, McKibben argues that they are admissible under the exception to the hearsay rule for evidence that has a sufficient indication of reliability.[2] McKibben cites a 1987 Supreme Court decision for this proposition, *Bourjaily v. United States.*[3] To the extent relevant here, the *Bourjaily* court

---

[1] Doc. 119 at p. 4.

[2] *Id*.

[3] 483 U.S. 171, 181 (1987).

relied on what was then Fed. R. Evid. 803(24). The current version of the rule is Fed. R. Evid. 807. Rule 807(a) provides as follows:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

McKibben's argument for admission fails with respect to at least the third requirement in Rule 807. The summaries are not more probative than would be the testimony of the three investigators who prepared them. McKibben offers no reason why the three investigators could not have been listed as witnesses and then called to testify at trial.[4]

McKibben also argues the summaries are admissible under Fed. R. Evid. 803(8). That rule creates an exception to the hearsay rule for a statement or record from a public office which sets out the activities of the office and the matter is one done while under a legal duty to act "but not including . . . in a civil case . . . factual findings from a legally authorized investigation."[5] Thus, the summaries are not admissible under Rule 803(8).

---

[4] The court realizes that McKibben did not include any of them on his initial witness list at docket 81, but there is no explanation in the briefing why they could not have been included. Thus, his failure to list them as witnesses cannot be used to bootstrap admission of the summaries. It is noted that defendants included one of the three, Marc Snyder, on their witness list.

[5] Fed. R. Evid. 803(8) (A) (ii) and (iii).

Finally, McKibben argues that the summaries are admissible under Fed. R. Evid. 803(6) relating to records of an organization's regularly conducted activities which meet the other requirements of the rule.  To support application of this exception, McKibben must present testimony from a records custodian, another qualified witness or a certification meeting the criteria of Fed. R. Evid. 902.  McKibben has not yet done that.  However, the court holds that he should be afforded an opportunity to do so at trial.

The court does not find defendant's best evidence argument persuasive with respect to what each witness said, because McKibben concedes the summaries will not be offered to prove what a particular witness said.

### III.  CONCLUSION

For the reasons above, the court holds that the summaries are hearsay.  The motion at docket 102 is granted in part, but a ruling is reserved with respect to the admissibility of the summaries under Fed. R. Evid. 803(6).

DATED this 10th day of July 2018.


/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT JUDGE