WILLIAM H. DOYLE, ARIZONA BAR NUMBER 007285
BRANDON D. MILLAM, ARIZONA BAR NUMBER 034696
THE DOYLE FIRM, P.C.
1313 E. OSBORN ROAD, SUITE 220
PHOENIX, ARIZONA 85014
TELEPHONE: (602) 240-6711
FACSIMILE: (602) 240-6951
WDOYLE@DOYLELAWGROUP.COM
BMILLAM@DOYLELAWGROUP.COM
FIRM E-MAIL: ALG@DOYLELAWGROUP.COM

ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy McKibben, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Officer William Knuth, an individual; Raymond Cota, in his official capacity; City of Sedona, an Arizona municipal corporation; John and Jane Does I-X,<br><br>Defendants. | Case No: 3:17-cv-08009-JWS<br><br>**DEFENDANTS OFFICER WILLIAM KNUTH, RAYMOND COTA, AND CITY OF SEDONA'S TRIAL BRIEF** |

Pursuant to this court's order Pre-Trial Order (Doc. 158 & 169), Defendants Officer William Knuth ("Officer Knuth"), Raymond Cota ("Chief Cota"), and the City of Sedona (the "City") (collectively as "Defendants") submit their Trial Brief. Plaintiff Timothy McKibben ("Plaintiff" or "McKibben") filed his complaint in Yavapai County Superior Court, later amending it. Defendants removed this action to the District Court. Defendants filed a motion for summary judgment. The court granted it, in part. (Doc. 140) Defendants appealed the ruling to the Ninth Circuit. The Ninth Circuit affirmed the ruling. (Doc. 156).

## I.   SHORT STATEMENT OF DEFENDANTS' POSITION:

Defendants deny McKibben's allegations. Officer Knuth did not violate McKibben's Fourth Amendment rights because his use of force was reasonable, which is

confirmed not only by Defendants' expert witnesses but by the Arizona Department of Public Safety in their independent investigation. Officer Knuth did not violate McKibben's First Amendment rights because his "political speech" had nothing to do with his subsequent detention, which was caused by his harassment and assault of a construction crew and after McKibben apparently had a physical altercation with non-party John Fuchs ("Fuchs"). Officer Knuth did not have the requisite intent necessary for McKibben to make out causes of action under assault and battery nor was his contact with McKibben harmful or offensive. Officer Knuth was not negligent in his detention of McKibben and acted as he needed to in a dynamic situation. McKibben caused his own injuries. Defendants dispute the nature and extent of those alleged injuries. Chief Cota and the City deny that they negligently hired, supervised, or trained Officer Knuth.

Defendants affirmatively allege the defenses of qualified immunity, comparative fault, immunity under Ariz. Rev. Stat. § 12-711, immunity or justification under Ariz. Rev. Stat. § 13-409, and note that intentional torts and negligence are mutually exclusive.

## II.   REMAINING CAUSES OF ACTION:

### A.   Federal Claims

The elements of a claim under 42 U.S.C. § 1983 are: (1) violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting "under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

1.   42 U.S.C. § 1983—Excessive Force in Violation of the Fourth and Fourteenth Amendments against Officer Knuth.

Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures. *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010). The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397

2

(1989). The nature and quality of the intrusion on the individual's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. *Id.* at 396. Stated another way, the force applied must be balanced against the need for that force. *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003).

There is no evidence that Officer Knuth's conduct violated McKibben's rights under the Fourth Amendment. Officer Knuth used reasonable force to detain McKibben. Officer Knuth encountered a dynamic situation with a noncompliant suspect. Officer Knuth started with verbal commands and minimally increased his use of force despite McKibben's resistance and brought him to the ground because a resistant person is less likely to be able to use his extremities to fight with an officer. Officer Knuth use of force was reasonable at all times especially in light of McKibben's conduct and resistance.

2.    42 U.S.C. § 1983—Retaliation in Violation of the First Amendment against Officer Knuth.

Under the First Amendment, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights or to deter the citizen from exercising those rights in the future. *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994). In order to demonstrate a First Amendment violation, McKibben must prove that Officer Knuth deterred or chilled McKibben's political speech and such deterrence was a substantial or motivating factor in Officer Knuth's conduct. *Mendocino Env'l Ctr. v. Mendocino Cnty*, 14 F.3d 457, 459-60 (9th Cir. 1994).

Officer Knuth's detention of McKibben had nothing to do with his protest of trees being cut down by Tiffany Construction crews. The detention had to do with McKibben's harassment and assault on the crew members and their call to the Sedona Police Department. Harassing and assaulting other citizens is not protected political speech.

///

///

3

**B.    State Law Claims**

1.    Assault against Officer Knuth.

A claim for assault requires McKibben prove that Officer Knuth acted intentionally to cause a harmful or offensive contact and McKibben was placed in imminent apprehension of the contact. *Gallegos v. Flores*, No. 1 CA-CV 10-0178, 2012 WL 2088585, at *3 (Ariz. Ct. App. Jan. 24, 2012); Restatement (Second) of Torts § 21. Assault is the same as battery except that assault does not require the offensive touching or contact. *Gallegos*, 2012 WL 2088585 at *3.

There is no evidence that Officer Knuth acted with the requisite intent necessary to maintain this cause of action. Likewise, there is no evidence that the contact or any imminent apprehension of contact with McKibben was harmful or offensive. It was justifiable force, necessary to detain and handcuff him.

2.    Battery against Officer Knuth.

To establish a battery claim, McKibben must prove that Officer Knuth intentionally caused a harmful or offensive contact with McKibben to occur. *Johnson v. Pankratz*, 2 P.3d 1266, 1268 (Ariz. Ct. App. 2000). Acting with intent means that McKibben must prove Officer Knuth desired "to cause [the] consequences of his act, or that he believe[d] that the consequences [were] substantially certain to result from it." *Ryan v. Napier*, 425 P.3d 230, 236 (Ariz. 2018).

There is no evidence that Officer Knuth acted with the requisite intent necessary to maintain this cause of action. Likewise, there is no evidence that the contact with McKibben was harmful or offensive. It was justifiable force, necessary to detain and handcuff him.

3.    Negligence/"Aggravated" Negligence against All Defendants.

To succeed under a negligence claim, a Plaintiff must establish: (1) the existence of a duty recognized by law; (2) a breach of that duty; (3) a causal connection between

4

the breach and injury; and (4) actual injuries or damages. *Quiroz v. Alcoa, Inc.*, 416 P.3d 824, 827-28 (Ariz. 2018).

Defendants did not breach any duties owed to McKibben for the events alleged in his complaint. Defendants dispute that Officer Knuth caused all of the injuries McKibben claims and dispute the nature and extent of his injuries. Defendants contend there is no basis to hold them liable under "aggravated" negligence. (*See* Doc. 164 at 3)

4.      Negligent Training and Supervision against the City and Chief Cota.

Arizona follows the Restatement (Second) of Agency § 213 as a general rule for deciding cases of negligent hiring, retention, and supervision. *E.g.*, *Kassman v. Busfield Enters., Inc.*, 639 P.2d 353, 356 (Ariz. Ct. App. 1981); 9A Ariz. Prac., Bus. Law Deskbook § 33:16 (2016-17 ed.). The Restatement states that an employer conducting an activity through employees is subject to liability for harm to a third party if the employer is negligent or reckless in: (1) giving improper or ambiguous orders or in failing to make proper regulations of employees; (2) the employment of improper persons for work involving risk or harm to others; (3) the supervision of the employee's activity; or (4) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under the employer's control. Restatement (Second) of Agency § 213.

There is no evidence that Chief Cota or the City were negligent at all. There is no evidence they failed to properly regulate Officer Knuth or that he was an improper person for his position. Officer Knuth's application shows that he was a qualified and well considered candidate at the time he was hired. Officer Knuth's employment records and testimony from Chief Cota will show that the Police Department diligently and appropriately regulated his activities. Likewise, Officer Knuth's conduct was not tortious. There was nothing improper permitted and nothing negligent that the City or Chief Cota failed to prevent.

5

### C.    Punitive Damages

Punitive damages may not be awarded against municipalities nor officers acting in their official capacity under 42 U.S.C. § 1983. *Carrillo v. State*, 817 P.2d 493, 496 (Ariz. Ct. App. 1991). Punitive damages may be awarded under 42 U.S.C. § 1983 against officials sued in their personal capacities when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights of others. *Wilson v. Maricopa Cnty.*, 463 F.Supp.2d 987, 998 (D. Ariz. 2006). The actual standard for punitive damages mirrors common law state tort cases. *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Officer Knuth may only be liable for punitive damages if McKibben proves, by clear and convincing evidence, that Officer Knuth acted with an evil mind guided by an evil hand. *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 679 (Ariz. 1986) (Arizona's common law punitive damages standard); *see Lopez v. No. Ariz. Coca-Cola Bottling Co.*, No. CV-99-192-TUC-JMR, 2011 WL 1105129 at *2 (D. Ariz. Sept. 12, 2001) (applying Arizona's state law punitive damages standard to a punitive damages claim under 42 U.S.C. § 1983). No punitive damages are available for McKibben's state law claims. Ariz. Rev. Stat. § 12-820.04, nor may McKibben seek punitive damages against the City or Chief Cota.

McKibben will not prevail on his 42 U.S.C. § 1983 claims, but if he does he will fall well short of the standard necessary to impose punitive damages.

## III.    <u>AFFIRMATIVE DEFENSES</u>:

### A.    **Qualified Immunity**.

The question of qualified immunity is reserved for the judge to be decided after trial based on the jury's resolution of the disputed facts. *Morales v. Fry*, 873 F.3d 817, 823-24 (9th Cir. 2017). Under the doctrine of qualified immunity, "courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the

6

challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014). The qualified immunity analysis consists of two prongs: (1) whether the facts that the plaintiff alleges involve a constitutional right; and (2) whether the right was clearly established at the time the defendant acted. *Castro v. Cnty of L.A.*, 833 F.3d 1060, 1066 (9th Cir. 2016).

Officer Knuth contends that McKibben prove a violation of a constitutional right and that if there was a right that was violated, it was not clearly established at the time this incident occurred.

### B.    Comparative Fault.

Arizona is a pure comparative fault state. Ariz. Rev. Stat. § 12-2506. Defendants assert that Plaintiff is liable for his own injuries and caused his own injuries. To the extent McKibben is liable for his own damages, Defendants assert that their liability under the negligence causes of action, if successful, should be reduced proportionately. Likewise, Defendants assert John Fuchs is a non-party at fault for the altercation that ensued prior to Officer Knuth's arrival. To the extent Fuchs caused or contributed to McKibben's injuries, Defendants' percentage of fault must be proportionately reduced. *Id.* at § 12-2506(C).

### C.    Immunity Under Ariz. Rev. Stat. § 12-711.

Ariz. Rev. Stat. § 12-711 provides that

> In **any civil action**, the finder of fact may find the defendant not liable if the defendant proves that the claimant . . . was under the influence of an intoxicating liquor or a drug and as a result of that influence the claimant or decedent was at least fifty per cent responsible for the accident or event that caused the claimant's harm.

Ariz. Rev. Stat § 12-711 (2020) (emphasis added).

McKibben was under the influence of alcohol when he harassed the construction crew and Officer Knuth detained him. As a result of being under the influence,

7

McKibben resisted detention, fought back with Officer Knuth, and was shoved to the ground by Fuchs. McKibben is at least 50% responsible for his own injuries.

### D.    Immunity/Justification Under Ariz. Rev. Stat. § 13-409.

Under Ariz. Rev. Stat. § 13-409 (2020),

> A person is justified in threatening or using physical force against another if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of that other person, such person uses or threatens to use physical force and all of the following exist:
>
> 1.    A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.
>
> 2.    Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.
>
> 3.    A reasonable person would believe the arrest or detention to be lawful.

To the extent Officer Knuth threatened or used physical force against McKibben, he is immune from suit because he was justified by statute for doing so. Ariz. Rev. Stat. § 13-413 (2020); *Ryan*, 425 P.3d at 238-39. The force employed was immediately necessary to effect the detention of, and the escape of, McKibben. Officer Knuth made the purpose of the detention known to McKibben while it happened. A reasonable person in McKibben's position would believe that his detention as lawful. He was harassing and assaulting a construction crew while intoxicated.

### E.    Intentional Torts and Negligence are Mutually Exclusive.

The Arizona Supreme Court has concluded that negligence and torts involving intent are mutually exclusive grounds for liability. *Ryan*, 425 P.3d at 236.

///

///

8

DATED this 13th day of March, 2020.

THE DOYLE FIRM, P.C.

By /s/ William H. Doyle
     William H. Doyle
     Brandon D. Millam
     1313 E. Osborn Road, Suite 220
     Phoenix, Arizona 85014
     **Attorneys for Defendants**

**ELECTRONICALLY** transmitted this 13th day of March, 2020, the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

Sander R. Dawson, Esq.
**DAWSON & ROSENTHAL, P.C.**
25 Schnebly Hill Rd.
Sedona, Arizona 85336
**Attorney for Plaintiff**

/s/ LaDranda T. Boudwine

9

J:\EDSISS\DOCS\SWRS\311\PLEAD\1051876.DOCX                    Finalized:  March 13, 2020