Steven C. Dawson, Bar No. 006674
Anita Rosenthal, Bar No. 006199
Sander R. Dawson, Bar No. 032243
Aaron Dawson, Bar No. 034951
DAWSON & ROSENTHAL, P.C.
25 Schnebly Hill Road
Sedona, Arizona 86336-4233
Telephone: (928) 282-3111
dandr@dawsonandrosenthal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Timothy McKibben, an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>Officer William Knuth, et al.,<br><br>        Defendants. | CASE NO: 3:17-CV-08009-PCT-JWS<br><br>**PLAINTIFF'S TRIAL BRIEF** |

## I. *CONTESTED ISSUES OF LAW*

Pursuant to the Court's Pretrial Order (Doc. 158 at 5), Plaintiff provides his position as to the following contested issues of law.

### A. Affirmative Defenses

#### 1. *Qualified Immunity & State Law Immunity*

Qualified immunity is a two-part inquiry. The first prong "raises questions concerning the state of the law at the time of the challenged conduct—questions that normally can be resolved on summary judgment." *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998). The second asks whether the officer's use of force was objectively reasonable under the Fourth Amendment.

The Court's summary judgment order resolved the first issue. (Doc. 140 at 7 ("The court concludes that McKibben's right to be free of excessive force in the circumstances here was clearly established before Officer Knuth used the leg sweep to take him down."). And the jury will answer the second when it deliberates liability on the excessive force claim. Whether under the qualified immunity analysis or the excessive force claim itself, the question is the same:

whether Officer Knuth's use of force was objectively reasonable.

The same is true for state law immunity from McKibben's assault and battery claims, which only provides immunity if the force was reasonable.[1] *See* A.R.S. §§ 13–409, -413 (person using force in arrest or detention not subject to civil liability only if "[a] reasonable person would believe that such force is immediately necessary"); *see also Sonoran Desert Investigations, Inc. v. Miller*, 141 P.3d 754, 760 n.5 (App. 2006).

Thus, neither the Court nor the jury will be analyzing Officer Knuth's immunity defenses as distinct from Plaintiff's excessive force claim.

### 2. Comparative Fault Defenses

Plaintiff has decided to dismiss his negligence claim, and his remaining claims are not subject to comparative fault defenses. *See Miller v. Schmitz*, 2013 WL 5754945, *5 (E.D. Cal. Oct. 23, 2013) (citing cases and explaining: "Concepts of comparative fault or indemnification are not applicable in actions filed under 42 U.S.C. § 1983."); *Fifer v. United States*, CV-12-01753-PHX-NVW, 2017 WL 3206311, at *7 (D. Ariz. July 28, 2017) (citing cases and holding plaintiff's comparative fault did not apply in claims against detention officers for assault and battery). This includes Defendants' intoxication defense under A.R.S. § 12-711, which is a comparative fault defense (as Defendants' have acknowledged, *see* Doc. 164 at 4), and is treated as such under Arizona law. *See Franklin v. Clemett*, 382 P.3d 802, 807-808, 808 n.5 (App. 2016). Thus, Knuth can "contest[] causation as a whole" and argue someone else was "the sole legal cause of Plaintiff's injuries," but "the jury may not be asked to apportion fault in this case." *Miller*, 2013 WL 5754945, at **5, 6. Nor may it consider contributory negligence under § 12-711.

Further, Arizona's intoxication statute is not a defense to liability imposed for conduct that is wrongful under 42 U.S.C. § 1983. See Owen v. City of Indep., Mo., 445 U.S. 622, 647 (1980) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law.") (citing Hampton v. Chicago, 484 F.2d

---

[1] In addition, Defendants waived this defense by failing to affirmatively and specifically plead it in their Answer to the Amended Complaint.

602, 607 (7th Cir. 1973) (Stevens, J.)).

## II. PLAINTIFF'S THEORIES OF LIABILITY

### A. Excessive Force

Plaintiff's excessive force claim against Officer Knuth arises from his use of force (a wristlock) where no force was reasonably necessary, *Littler v. Bay Area Rapid Transit Dist. (Bart)*, No. 14-CV-05072-DMR, 2016 WL 1734095, at *11 (N.D. Cal. Apr. 29, 2016); using a takedown maneuver that was likely injure McKibben – a non-violent, unarmed, and much smaller person who was not resisting and "did not commit any chargeable offense, or, at most, a misdemeanor," Nelson v. City of Davis, 685 F.3d 867, 879 n.5, 880 (9th Cir. 2012); and using gratuitous force against an incapacitated McKibben by grinding McKibben's face into the ground and smashing his hand under a boot or knee. *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1167–68 (9th Cir. 2011).

### B. Assault & Battery

Plaintiff's assault and battery claims arise from the same set of facts and evidence as his excessive force claim; evidence supporting excessive force will support assault and battery against Officer Knuth. Defendants City of Sedona and Raymond Cota are vicariously liable under these claims, as they admit Officer Knuth was acting within the course and scope of his employment for the City and in his official capacity as a Sedona Police Officer.

### C. Punitive Damages

Punitive damage liability is not contingent upon "evidence of extreme or outrageous behavior." Gurule v. Illinois Mut. Life & Cas. Co., 734 P.2d 85, 87 (Ariz. 1987). It merely requires clear and convincing evidence that the conduct "involve[d] reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983); see, e.g., Fuciarelli, 2016 WL 4529822, at *11 (denying summary judgment on punitive damages claim arising under § 1983 where officer tackled plaintiff to the ground, severely injuring him).

Officer Knuth's own testimony and previous descriptions of the incident show he

consciously disregarded the risk of severely harming McKibben when he used the leg sweep. Circumstantial evidence supports that he acted with malice or intent when he continued using force after McKibben was incapacitated on the ground by pushing his face into the ground and crushing his free hand with a boot or knee. *See Thompson v. Better-Bilt Aluminum Prod. Co.*, 832 P.2d 203, 210 (Ariz. 1992) ("indirect and circumstantial evidence" can satisfy the "clear and convincing" proof needed for punitive damage liability).

## D. Negligent Training & Supervision

The City of Sedona and Chief Cota negligently failed to train officers on a critical policy that prohibits the use of tactics not taught by the academy and negligently failed to supervise officers on the unauthorized use of the leg sweep specifically. These failures were negligent given the recognized risk of injury the leg sweep carries and the high rate of injury the leg sweep caused in use of force incidents by Sedona Police Officers. These failures were a proximate cause of McKibben's injuries in that Officer Knuth used the leg sweep on McKibben because he did not know there was a policy against it or that he should not use it and he was not trained on how to use it in a controlled manner. *See Inmon v. Crane Rental Servs., Inc.*, 67 P.3d 726, 733 (App.2003), *disapproved of on a different ground, Tarron v. Bowen Mach. & Fabricating*, 235 P.3d 1030 (2010). Training regarding this policy could have prevented its use on McKibben or its use in a way that was likely to cause injury.

RESPECTFULLY SUBMITTED March 13, 2020.

DAWSON & ROSENTHAL

*/s/ Sander R. Dawson*

Steven C. Dawson
Anita Rosenthal
Sander Dawson
Aaron Dawson

*Attorneys for Plaintiff*

3